Broderick v Edgewater Park Owners Coop., Inc. (2020 NY Slip Op 01127)





Broderick v Edgewater Park Owners Coop., Inc.


2020 NY Slip Op 01127


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, Gonzàlez, JJ.


11051 302512/12

[*1] Michael Broderick, et al., Plaintiffs-Respondents,
v
Edgewater Park Owners Cooperative, Inc., Defendant-Appellant, Edgewater Park Athletic Assoc., Inc., et al., Defendants.


London Fischer LLP, New York (Brian A. Kalman of counsel), for appellant.
Lisa M. Comeau, Garden City, for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 11, 2019, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Edgewater Park Owners Cooperative, Inc. (EPOC) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff was injured when he fell from the second-story roof deck of EPOC's building, which had a low parapet wall in front. Although plaintiff could not recall exactly how he fell, the record contains circumstantial evidence from which the negligence of EPOC and proximate causation of the accident may be reasonably inferred (see e.g. Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 149 [1st Dept 2017]). The court properly concluded that there are triable issues of fact concerning whether EPOC was negligent because the parapet wall did not comply with applicable building codes, and EPOC failed to increase the height of the parapet wall, even after a prior accident. Plaintiff's testimony as to where he was standing immediately prior to the accident, the location of his body after the fall, and the affidavits of his experts were sufficient to provide a jury with reasonable grounds to infer that he may have tripped or fallen over the insufficiently high parapet wall.
Furthermore, the court correctly concluded that the issue of whether plaintiff's conduct was a superseding cause of the accident was best left to a trier of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]).
We have considered EPOC's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK