De Pepin v Berik Mgt., Inc (2020 NY Slip Op 06707)





De Pepin v Berik Mgt., Inc


2020 NY Slip Op 06707


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 153417/18 Appeal No. 12399 Case No. 2020-01719 

[*1]Rosanna Mercado De Pepin et al., Plaintiffs-Respondents,
v
Berik Management, Inc, et al., Defendants-Appellants.


Steinberg & Cavaliere, LLP, White Plains (Ronald W. Weiner of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered February 24, 2020, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie entitlement to summary judgment through the testimony of the apartment building's superintendent that he examined the stairs on which plaintiff fell on the date of her accident and found no defects. He further said that no one had fallen down those stairs until plaintiff's accident (see Manderson v Phipps Houses Servs., Inc., 173 AD3d 459 [1st Dept 2019]; see also Roman v Met-Paca II Assoc., L.P., 85 AD3d 509 [1st Dept 2011]). Defendants also submitted plaintiff's deposition testimony, in which she admitted that she could not identify what caused her to fall due to her short-term memory loss (see Manderson, 173 AD3d at 459; see also Walsh v Murphy, 267 AD2d 172 [1st Dept 1999]), and a medical opinion stating that plaintiff had a history of cardiovascular issues and an MRI from shortly before the accident showing an intracerebral cavernoma.
In opposition, plaintiff raised a triable issue of fact through the affidavit of her engineering expert, who, after viewing a videotape of the accident and inspecting the site, concluded that the step on which plaintiff fell was dangerously worn and sloped (see Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]). Although plaintiff could not recall the details of her fall due to the memory loss she suffered as a result of it, the dangerous condition of the step and her fall thereon "establish the natural and reasonable inference of. . . proximate cause" (id. at 149; see Broderick v Edgewater Park Owners Coop., Inc., 180 AD3d 527 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020