Pope Invs. II LLC v Belmont Partners, LLC (2022 NY Slip Op 03334)

Pope Invs. II LLC v Belmont Partners, LLC

2022 NY Slip Op 03334

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 

Index No. 651479/12 Appeal No. 15962 Case No. 2021-03504 

[*1]Pope Investments II LLC, et al., Plaintiffs-Respondents,
v
Belmont Partners, LLC, et al., Defendants-Appellants, Rosewood Securities, LLC, et al., Defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York ("Elie" Ian Marc Herman of counsel), for appellants.
Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New York (Theodore Eder of counsel), and Protzman Law Firm, LLC, Leawood, KS (Andrew B. Protzman of the bar of the State of Kansas and the State of Missouri, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about October 6, 2014, which denied defendants Belmont Partners, LLC and Joseph Muese's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint as against them, unanimously affirmed, with costs.
The motion court correctly determined that the amended complaint adequately stated claims for fraudulent inducement by alleging, among other things, that but for defendants' misrepresentations that the nonparties who embezzled plaintiffs' investment were trustworthy and that the transactions were properly structured, plaintiffs would not have agreed to complete the transactions. Whether those allegations can be established will be determined at trial (see e.g. Basis PAC-Rim Opportunity Fund [Master] v TCW Asset Mgt. Co., 149 AD3d 146, 149-150 [1st Dept 2017], lv denied 30 NY3d 903 [2017]). Although defendants assert on appeal that plaintiffs' alternative claim for negligent misrepresentation should have been dismissed, defendants did not move to dismiss that cause of action. In any event, we find that plaintiffs adequately pleaded the claim in the alternative by alleging a special or privity-like relationship with defendants which imposed a duty on defendants to impart correct information to plaintiffs, that the information provided by defendants was incorrect, and that plaintiffs reasonably relied on the information (see North Star Contr. Corp. v MTA Capital Constr. Co., 120 AD3d 1066, 1069 [1st Dept 2014]).
Turning to the professional malpractice claim, we are mindful that the Court of Appeals has left "open" the question of whether investment bankers may be deemed professionals for the purposes of malpractice liability (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23 [2005]). However, for pleading purposes, the motion court correctly determined that plaintiffs adequately alleged that defendants departed "from accepted standards of practice and that the departure was a proximate cause of the injury" in defendants' capacity as investment bankers (Talon Air Servs. LLC v CMA Design Studio, P.C., 86 AD3d 511, 515 [1st Dept 2011]). To that end, the amended complaint specifically alleges that defendants were professionals with a duty to structure the transaction in a way that was enforceable, not susceptible to embezzlement, and to perform due diligence, and the failure to fulfill those duties with the usual degree of skill was the proximate cause of plaintiffs' injuries, fulfilling the pleading elements for the claim (see id.).
With respect to the breach of fiduciary duty claim, defendants did not move to dismiss this cause of action in the amended complaint, and in any event, plaintiffs assert that the claim was dismissed in the motion court's 2021 summary judgment order, which is not before us. Thus, defendants' appeal of that portion of the order is rendered academic (see e.g. DeGennaro v Church of St. Apostle, 234 AD2d 168, 169 [1st Dept 1996]).
We have considered [*2]defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022