Pope Invs. II LLC v Belmont Partners, LLC (2023 NY Slip Op 01264)

Pope Invs. II LLC v Belmont Partners, LLC

2023 NY Slip Op 01264

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 651479/12 Appeal No. 17500 Case No. 2022-02632 

[*1]Pope Investments II LLC, et al., Plaintiffs-Respondents-Appellants,
v
Belmont Partners, LLC, et al., Defendants-Appellants-Respondents, Rosewood Securities, LLC, et al., Defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants-respondents.
Webber Gallagher Simpson Stapleton Fires & Newby LLP, New York (Thomas W. Park of counsel), and Protzman Law Firm, Leawood, KS (Rebecca Ledford of the bar of the State of Missouri, admitted pro hac vice, of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Andrea Masley, J.), entered July 23, 2021, which, to the extent appealed from as limited by the briefs, denied in part and granted in part the motion of defendants Belmont Partners, LLC (Belmont) and Joseph Meuse (Meuse, and together, the Belmont Defendants) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This action arises from a "Chinese reverse merger," a complicated transaction enabling American companies to invest in companies in China through the use of offshore shell companies. Plaintiffs and others invested approximately $12.5 million in the reverse merger at issue and the Belmont Defendants were paid more than $1 million for their services in facilitating the transaction. However, before the reverse merger could be fully effectuated, the investment funds were wrongfully diverted to other non-party entities.
The motion court properly denied dismissal of plaintiffs' claims for fraudulent inducement and negligent misrepresentation. There are multiple factual issues present on this record as to whether the Belmont Defendants made material misrepresentations and omissions of fact and whether plaintiffs justifiably relied on them.
Among other things, the court properly found that Meuse's contention that he would be "stepping back" from the transaction — and that he had relayed this fact to individuals at Pope Investments II LLC (Pope) — were directly refuted by the affidavits submitted by Pope representatives. The Pope representatives stated, for example, that the Belmont Defendants had not informed Pope or any of the other investors that the Belmont Defendants would not be involved in structuring the reverse merger, and that plaintiffs conducted extensive due diligence and engaged in numerous calls and correspondence with the Belmont Defendants, who were tasked with shepherding the deal. The Pope representatives further attested that they would not have recommended entering into the reverse merger had defendants' disclosed their noninvolvement in structuring and consummating the transaction. These affidavits were sufficient to raise factual issues with respect to the fraudulent inducement and negligent misrepresentation claims (compare J.A.O. Acquisition Corp. v Stavitsky, 18 AD3d 389, 391 [1st Dept 2005]).
The motion court also properly found the presence of factual issues surrounding whether the Belmont Defendants, as investment bankers or brokers, were subject to liability for professional malpractice. We recently explained that there is an open question regarding whether investment bankers may be deemed "professionals" for the purpose of a professional liability claim (Pope Invs. II LLC v Belmont Partners, LLC, 205 AD3d 559 [1st Dept 2022]). Meuse does not definitively deny that he was an investment banker—he simply contends that he had no prior experience with Chinese reverse mergers. There plainly remain factual issues regarding whether the Belmont [*2]Defendants departed from the accepted standards of practice, particularly given Meuse's admission that he "stepped back" and did not conduct due diligence or attempt to structure the deal.
Nor did the motion court, in dismissing the breach of fiduciary duty claim, improvidently exercise its discretion in precluding the testimony of plaintiffs' expert, Jim McMullen, based on plaintiffs' failure to comply with Commercial Division Rule 13[c] (see e.g. Shafran v St. Vincent's Hosp. & Med. Ctr., 264 AD2d 553, 556 [1st Dept 1999]). Plaintiffs contend that Commercial Division Rule 13(c) does not apply to McMullen because, as a former employee of plaintiff Jayhawk, he was not a "retained" expert witness. However, plaintiffs do not accurately describe the type of testimony that McMullen provided. While they categorize him as a "non-retained expert witness" who would offer opinion testimony based on his personal knowledge, they also refer to him as a "hybrid witness" falling somewhere in between a fact and an expert witness whose testimony is not regulated by the Commercial Division rules. McMullen has admitted that he was not personally involved in the reverse merger, and thus the scope of his testimony as a fact witness will be limited. Furthermore, to the extent he can be considered an "expert," plaintiffs have not established that he was not "retained," particularly given that he is no longer employed by Jayhawk. Regardless, consideration of McMullen's testimony would not save the fatal deficiencies with plaintiff's fiduciary duty claims.
We have considered the remaining contentions, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023