**Loan Trust, LLC v Appraisal Source Inc.**

2024 NY Slip Op 34517(U)

December 20, 2024

Supreme Court, New York County

Docket Number: Index No. 653529/2023

Judge: Suzanne J. Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. SUZANNE J. ADAMS

*Justice*

----------------------------------------------------------------X

LOAN TRUST, LLC,

Plaintiff,

- v -

APPRAISAL SOURCE INC., ELIAZER KLEIN, individually,
and FASTAPP INC.,

Defendants.

----------------------------------------------------------------X

| | |
|---|---|
| PART | 39M |
| INDEX NO. | 653529/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 134, 137, 138, 139, 140, 141

were read on this motion to/for                           DISMISS                           .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 90, 91, 92, 93, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 135

were read on this motion to/for                           DISMISSAL                           .

Upon the foregoing documents, it is ordered that the motions of defendants Appraisal

Source Inc. (ASI) and Eliazer Klein (Klein) (together, the Appraisers) (motion sequence no. 004)

and FastApp, Inc. (FastApp) (motion sequence no. 005) to dismiss the second amended verified

complaint (the SAC) under CPLR 3211 (a) (1), (5) and (7) is denied. Plaintiff Loan Trust, LLC, a

Delaware limited liability company, is an asset-based mortgage (ABM) investor in the business of

making ABM loans (NY St Cts Elec Filing [NYSCEF] Doc No. 54, SAC ¶¶ 1, 12 and 19).

Nonparty Icon Realty Capital, LLC (Icon) is an ABM broker/lender (*id.*, ¶ 8). Nonparty

Sharestates Investments, LLC (Sharestates) is an ABM lender that underwrites, services and funds

ABM loans (*id.*, ¶¶ 10-11). Plaintiff is "a Sharestates-related entity that … funds and buys ABM

**653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No.  004 005**

Page 1 of 14

[*1]

loans underwritten and funded by Sharestates from ABM lenders like Icon" (*id.*, ¶ 12). ABM loans are secured by real property and are underwritten using real property valuations or appraisals, which are intended to ensure that a mortgagee is adequately secured in the event a mortgagor defaults (*id.*, ¶ 19).

FastApp is an appraisal management company (AMC) (*id.*, ¶¶ 4 and 13). AMCs, like FastApp, assist banks and lending institutions with the appraisal process by locating, vetting and retaining appraisers and reviewing the appraisals to ensure they meet the Uniform Standards of Professional Appraisal Practice (USPAP) and appraisal standards (*id.*, ¶¶ 16 and 34). Klein is an appraiser certified by the State of New York and is an officer of ASI (*id.*, ¶¶ 2-3, 33 and 58).

On July 25, 2019, nonparty Wolk Family Properties 251W89 LLC (WFP) applied to Sharestates for a refinance loan of $1.47 million, with the property located at 251 West 89th Steet, Unit 6E, New York, New York (the Property) serving as collateral[1] (*id.*, ¶¶ 21-22). Plaintiff agreed to pursue the transaction and structured it as a loan consolidation (*id.*, ¶ 22). Plaintiff retained Sharestates to underwrite the purchase (*id.*, ¶ 23). Sharestates, as plaintiff's agent, hired FastApp to obtain an appraisal of the Property, and Klein performed the appraisal (the Appraisal) (*id.*, ¶¶ 26-27, 39, 42 and 61; NYSCEF Doc No. 102, Giusto affirmation, exhibit 4). The Appraisal, which identified Sharestates as the lender/client, valued the Property at $1.75 million (NYSCEF Doc No. 74, Proscia affirmation, exhibit Q at 2-3). An "Appraiser's Certification" signed by Klein reads, in pertinent part, that "I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this

---

[1] At that time, WFP had encumbered the Property with three mortgages (NYSCEF Doc Nos. 65-67, Proscia affirmation, exhibits H-J), with one of the mortgagees, nonparties Gauntlet Funding, LLC and PS Funding, Inc., having commenced an action seeking to foreclose on their mortgage (the Gauntlet/PSF Mortgage) (NYSCEF Doc No. 68, Proscia affirmation, exhibit K).

**653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No.  004 005**

Page 2 of 14

[*2]

2 of 14

appraisal report was prepared" (*id.* at 7). Sharestates, relying on the Appraisal, approved plaintiff's purchase of a $1.26 million loan (the Loan) based on a 72% loan-to-value ratio and funded the purchase on plaintiff's behalf[2] (NYSCEF Doc No. 54, ¶¶ 28-29).

On August 12, 2019, WFP executed a consolidation, extension and modification agreement consolidating the two notes and mortgages held by Icon[3] (NYSCEF Doc No. 71, Proscia affirmation, exhibit N at 1). WFP signed a consolidated note (the Note) for $1.26 million and a consolidation mortgage (the Mortgage) in Icon's favor (*id.* at 8 and 11). Icon then executed a corporate assignment of the Note and Mortgage to plaintiff (NYSCEF Doc No. 73, Proscia affirmation, exhibit P).

After WFP failed to make payments on the Note, plaintiff accelerated the balance due and later commenced an action to foreclose on the Mortgage captioned *Loan Trust, LLC v Wolk Family Properties 251W89 LLC, et al.*, Sup Ct, NY County, index No. 850025/2020 (NYSCEF Doc No. 54, ¶¶ 46-47; NYSCEF Doc No. 75, Proscia affirmation, exhibit R). The court (Kahn, J.) granted plaintiff a judgment of foreclosure and sale and appointed a referee to sell the Property (NYSCEF Doc No. 78, Proscia affirmation, exhibit U). Plaintiff successfully bid for the Property at the foreclosure sale and assigned its $1.45 million bid to nonparty HOF I REO 5, Inc. (HOF) (NYSCEF Doc No. 79, Proscia affirmation, exhibit V). The referee's report stated that the amount due on the Note and Mortgage was $1,876,938, leaving a deficiency of $426,938 (*id.*). By deed dated March 16, 2022, the referee conveyed title to the Property to HOF (NYSCEF Doc No. 80, Proscia affirmation, exhibit W).

---

[2] The loan term sheet dated August 6, 2019, though, lists an 80% loan-to-value ratio (NYSCEF Doc No. 99, Giusto affirmation, exhibit 1 at 2).
[3] Icon was the assignee of the Gauntlet/PSF Mortgage as of August 5, 2019, and on August 12, 2019, Icon separately extended a loan in the principal sum of $460,000 to WDF, which was secured by a gap mortgage on the Property (NYSCEF Doc No. 70, Proscia affirmation, exhibit M).

**653529/2023   LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No.  004 005**

**Page 3 of 14**

Plaintiff commenced this action on July 21, 2023 (NYSCEF Doc No. 1). The SAC pleads professional malpractice as a first cause of action. As alternative causes of action, the SAC pleads breach of contract (second cause of action) and vicarious liability against Fastapp, only (third cause of action). The SAC alleges that FastApp by its agent, Appraisers, performed the Appraisal for Sharestates, plaintiff's agent (NYSCEF Doc No. 54, ¶¶ 27, 39 and 42). USPAP Ethics Rules require real estate appraisers to be non-corporate entities and mandate that individual appraisers "comply with USPAP when obligated by law or regulation, or by agreement with the client or intended users. In addition to these requirements, an individual should comply any time that individual represents that he or she is performing the service as an appraiser" (*id.*, ¶¶ 35-36 [internal quotation marks and emphasis removed]). The SAC alleges the Appraisal failed to conform to USPAP because the Appraisers inflated the Property's value by failing to account for the presence of a rent-controlled tenant in the unit (*id.*, ¶¶ 50-51 and 60). Defendants had valued the Property at $1.75 million, but plaintiff's expert valued the Property at $870,000 (*id.*, ¶ 49). All defendants now move to dismiss the SAC.

On a CPLR 3211 motion to dismiss, the court must "accept[ ] the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Dismissal under CPLR 3211 (a) (1) is appropriate where the documentary evidence utterly refutes the plaintiff's claims and conclusively establishes a defense as a matter of law (*id.* at 88).

**653529/2023   LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No.  004 005**

**Page 4 of 14**

4 of 14

## I. The Appraisers' Motion (motion sequence no. 004)

### A. Legal Capacity to Sue

A foreign limited liability company's failure to obtain a certificate of authority as required by Limited Liability Company Law § 808 (a) prior to commencing an action is not fatal where it later secures a certificate (*Basile v Mulholland*, 73 AD3d 597, 597 [1st Dept 2010]), as has been argued. Plaintiff has since acquired the certificate (NYSCEF Doc No. 137-139, 8/28/2024 letter).

### B. Standing to Sue

Standing requires a party to establish an "injury in fact, that is, an actual stake in the matter to be adjudicated" (*Lucker v Bayside Cemetery*, 114 AD3d 162, 169 [1st Dept 2013], *lv denied* 24 NY3d 901 [2014]). The Appraisers challenge standing on three grounds. Each is unpersuasive.

First, the Appraisers contend that Icon is the real party in interest based on the allegations in the first amended verified complaint (FAC) asserting that Sharestates was Icon's agent. The Appraisers submit that plaintiff cannot retract those admissions by tailoring the allegations in the SAC to plead that Sharestates is plaintiff's agent. A statement in a verified complaint is a formal judicial admission (*Kuriyan v Schreiber*, 209 AD3d 406, 406 [1st Dept 2022], *lv denied* 39 NY3d 911 [2023]), and is conclusive of the fact admitted (*GJF Constr., Inc., v Sirius Am. Ins. Co.*, 89 AD3d 622, 624 [1st Dept 2011]). By contrast, "[a]n 'informal judicial admission is a declaration made by a party in the course of any judicial proceeding (whether in the same or another case) inconsistent with the position [the party] now assumes'" (*People v Brown*, 98 NY2d 226, 232 n 2 [2002] [citation omitted]). An informal judicial admission "is not conclusive but 'is merely evidence of the fact or facts admitted'" (*Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [1st Dept 2006] [citation omitted]). Where, as here, a plaintiff amends its pleading, "the prior complaint remains admissible as an informal judicial admission, the circumstances of which may be

653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL
Motion No.  004 005

Page 5 of 14

explained at trial" (*Bogoni v Friedlander*, 197 AD2d 281, 293 [1st Dept 1994]). Therefore, the FAC's allegations do not conclusively resolve the issue of standing in the Appraisers' favor.

Second, the Appraisers maintain that the corporate assignment does not contain any language assigning Icon's claims in contract or tort to plaintiff (*see generally State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 435-436 [2000]). In viewing the allegations in the light most favorable to plaintiff, plaintiff is pursuing direct claims and is not proceeding as Icon's assignee. The SAC identifies Sharestates as plaintiff's agent and pleads that Sharestates retained defendants (NYSCEF Doc No. 54, ¶¶ 39 and 42). Fastapp presented Sharestates with the Appraisal, and Sharestates allegedly relied on the Appraisal to underwrite, approve, and fund plaintiff's Loan purchase (*id.*, ¶¶ 23-24 and 40-41). The SAC does not allege that the Appraisal was performed at Icon's direction or that Icon utilized the Appraisal.

Last, the Appraisers contend that plaintiff has not sustained actual damages because its failure to pursue a deficiency judgment precludes it from maintaining this action. Under RPAPL 1371 (3), a mortgagee forfeits its right to recover a deficiency and the mortgage debt is deemed fully satisfied unless the mortgagee moves for a deficiency judgment. RPAPL 1371, however, is inapplicable. Plaintiff does not seek to recover a deficiency in the debt but seeks damages for malpractice related to the allegedly faulty Appraisal (*see Corley v Miller*, 133 AD2d 732, 735 [2d Dept 1987]). To the extent the Appraisers contend that plaintiff cannot have sustained damages because it assigned its foreclosure bid to HOF, plaintiff responds that it placed its bid with HOF, a related real estate owned entity, in an interrelated company transfer for no consideration and will reduce its damages once HOF sells the Property (NYSCEF Doc No. 134, plaintiff's mem of law at 21). Liberally construing the allegations in plaintiff's favor, plaintiff has adequately alleged that it sustained actual damages.

**653529/2023   LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
Motion No. 004 005

**Page 6 of 14**

[*6]

6 of 14

## C. Whether the Action is Time-Barred

The Appraisers assert that plaintiff's claims accrued on August 12, 2019, when it purchased the Loan, and submit that a three-year statute of limitations applies which, after accounting for the tolls imposed by numerous Executive Orders in response to the COVID-19 pandemic, expired on March 27, 2023. Plaintiff commenced this action on July 21, 2023. The Appraisers repeat their contention that Icon has not assigned any tort or contract claims to plaintiff and argue that Icon is not a signatory to any tolling agreement.

A party moving to dismiss an action as time-barred under CPLR 3211 (a) (5) bears the burden of demonstrating that the time in which to sue has expired (*MTGLQ Invs., LP v Wozencraft*, 172 AD3d 644, 644-645 [1st Dept 2019], *lv dismissed* 34 NY3d 1010 [2019]). The Appraisers have failed to carry their burden in this case. As explained above, plaintiff is not pursuing claims as Icon's assignee. Moreover, the SAC alleges that the parties executed a written agreement extending plaintiff's time to bring this action through July 21, 2023 (NYSCEF Doc No. 54, ¶ 6). The Appraisers have not challenged the validity of that agreement (*see e.g. Spada v Aspen Univ., Inc.*, 202 AD3d 494, 494-495 [1st Dept 2022]).

## D. Whether the Professional Malpractice Claim is Duplicative of the Contract Claim

The Appraisers posit that the malpractice claim should be dismissed as duplicative of the breach of contract claim because both arise out of the same facts and seek the same damages.

It is well settled that a contract claim is not a tort unless the plaintiff identifies a violation of a legal duty independent of the contract (*IKB Intl., S.A. v Wells Fargo Bank, N.A.*, 40 NY3d 277, 290 [2023]; *see also Pilewski v Solymosy*, 266 AD2d 83, 84 [1st Dept 1999]). That said, "professionals … may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]). A cause

**653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No.  004 005**

**Page 7 of 14**

[*7]

7 of 14

of action for professional malpractice requires the plaintiff to plead that the defendant departed from accepted standards of practice and that this departure was a proximate cause of the plaintiff's injury (*Talon Air Servs. LLC v CMA Design Studio, P.C.*, 86 AD3d 511, 515 [1st Dept 2011]).

The SAC alleges that the Appraisers owed plaintiff a duty of care to provide an appraisal to ensure that the Loan was properly secured in the event of a default, and that the Appraisers breached this duty when they failed to comply with USPAP standards, thereby causing the Loan to be undersecured (NYSCEF Doc No. 54, ¶¶ 72-75). Plaintiff and Sharestates allegedly relied on the Appraisal to determine whether to move forward with the transaction, and that but for the Appraisers' actions, neither Sharestates nor plaintiff would have approved or funded the Loan (*id.*, ¶¶ 76-79). The SAC alleges that plaintiff sustained actual damages when WFP defaulted (*id.*, ¶ 80). These allegations sufficiently plead a cognizable claim for professional malpractice (*see Pope Invs. II LLC v Belmont Partners, LLC*, 205 AD3d 559, 560 [1st Dept 2022]) that is independent of any contract claim. Furthermore, plaintiff may plead alternative theories (*see* CPLR 3014; *EBC I, Inc. v Goldman Sachs & Co.*, 7 AD3d 418, 420 [1st Dept 2004], *affd* 5 NY3d 11 [2005]).

*E. Plaintiff's Reliance on the Appraisal*

The Appraisers submit that plaintiff's reliance on the Appraisal is not a viable basis for any claim because its purchase of the Loan and its decision to bid for the Property do not qualify as a "mortgage finance transaction." The Appraisal, however, does not define the phrase "mortgage refinance transaction," and the Appraisers have not supplied an alternative or industry-accepted definition. In any event, the simultaneous actions taken to effectuate plaintiff's purchase appear to be part of a mortgage refinance transaction of the two existing Icon loans. The loan term sheet identified plaintiff as the lender and WFP's principal as the borrower and stated that the purpose of the Loan was "[t]o provide bridge financing" (NYSCEF Doc No. 99 at 1). The terms in the

653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL
Motion No. 004 005

Page 8 of 14

8 of 14

[*8]

Note and the term sheet with respect to the principal, interest rate, and length of the Loan are also identical (*id.*; NYSCEF Doc No. 106, Giusto affirmation, exhibit 8 at 1). As for plaintiff's bid at the foreclosure sale, the SAC does not allege that plaintiff relied on the Appraisal for that purpose.

The Appraisers next contend that plaintiff's failure to conduct due diligence is an intervening, superseding cause. A defendant is absolved from liability "'when … [an intervening] act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant'" (*46th St. Leaseholder LLC v Hercules Corp.*, 208 AD3d 1083, 1084 [1st Dept 2022] [citation omitted]). For a plaintiff to be deemed the superseding cause, "a defendant must show that the plaintiff engaged in reckless, unforeseeable or extraordinary conduct, i.e. that the plaintiff recognized the danger and chose to disregard it" (*Powers v 31 E 31 LLC*, 123 AD3d 421, 423 [1st Dept 2014]). Whether a plaintiff's conduct is the superseding cause is ordinarily a jury question (*Broderick v Edgwater Park Owners Coop., Inc.*, 180 AD3d 527, 528 [1st Dept 2020]). Here, the SAC pleads that plaintiff's agent, Sharestates, retained defendants for the express purpose of evaluating the Property and relied on the Appraisal in underwriting the Loan (NYSCEF Doc No. 54, ¶¶ 23-26, 28). The term sheet states that plaintiff would collect a due diligence fee from WFP to pay for an appraisal and third-party reports, including an "[a]cceptable (to Lender) third party broker's price opinion (BPO) and/or appraisal, ordered by Lender" (NYSCEF Doc No. 99 at 3). Therefore, it cannot be said, at this stage, that plaintiff's conduct constitutes a superseding cause.

*F. Whether Plaintiff's Sustained Actual Damages on the Breach of Contract Claim*

The Appraisers contend that the breach of contract claim must be dismissed because the damages plaintiff seeks were not within the contemplation of the parties at the time of the contract (*see Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989] [damages that do not flow naturally

**653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
Motion No. 004 005

**Page 9 of 14**

[*9]

9 of 14

or directly from a breach of contract must have been within the parties' contemplation prior to entering into the contract]). The damages plaintiff seeks, however, would restore it to the position it would have occupied but for the alleged breach (*see FDIC v Hoyle,* 2012 WL 4049808, *9, 2012 US Dist LEXIS 130957, *29-30 [ED NY, Aug. 2, 2012, No. 10-CV-4245 (JG) (VVP)], *report and recommendation adopted* 2012 WL 4049950, 2012 US Dist LEXIS 130956 [ED NY, Sept. 13, 2012, No. 10-CV-4245 (JG) (VVP)] [calculating damages on a contract claim based on a faulty appraisal as the difference between the principal amount on the loan and the price at which the property was sold in foreclosure]). Thus, the motion insofar as it seeks to dismiss the breach of contract claim based on plaintiff's lack of actual damages is denied.

### G. Whether the SAC Pleads a Breach of a Duty

It is the Appraisers' contention that the SAC fails to plead any specifics concerning "rent control," and as such, it fails to plead that the Appraisers breached an actual duty. The Appraisers, however, have not cited any caselaw for the proposition that plaintiff must plead those facts with specificity, especially when the SAC gives adequate notice of the transactions at issue and the material elements of each cause of action (*see* CPLR 3013). The release executed on July 1, 1986 by nonparty TCF National Properties, Inc. also fails to conclusively establish a defense as a matter of law since the release states only that TCF National Properties, Inc. had relinquished its right, title and interest in a "Collateral Assignment of Lease and Rents made by Aaron Ziegleman and William K. Langfan" (NYSCEF Doc No. 60, Proscia affirmation, exhibit C), not that the Property itself is not subject to rent control.

653529/2023 LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL
Motion No. 004 005

Page 10 of 14

[*10]

10 of 14

## II. FastApp's Motion to Dismiss (motion sequence no. 005)

At the outset, FastApp predicates its motion, in part, on the same arguments raised by the Appraisers, but, as the Appraisers' motion has been denied, that part of FastApp's motion seeking to dismiss the SAC on those same grounds is also denied.

FastApp also argues that it cannot be held vicariously liable to plaintiff because the Appraisers were independent contractors over which it had no control. The vicarious liability doctrine "rests in part on the theory that – because of an opportunity for control of the wrongdoer, or simply as a matter of public policy loss distribution – certain relationships may give rise to a duty of care, the breach of which can indeed be viewed as the defendant's own fault" (*Feliberty v Damon*, 72 NY2d 112, 118 [1988]). A party who hires an independent contractor is usually not liable for the contractor's negligent acts (*Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]). "'The primary justification for this rule is that one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor'" (*Linder v United Metro Energy Servs. Corp.*, 193 AD3d 513, 513 [1st Dept 2021] [citation omitted]). The recognized exceptions to this general rule are: (1) the employer was negligent in selecting, instructing or supervising the independent contractor; (2) the independent contractor was hired to perform inherently dangerous work; and, (3) the employer has a specific nondelegable duty (*Kleeman*, 81 NY3d at 274). Whether a party is an independent contractor is ordinarily a question for the jury to resolve (*Brown v Window King LLC*, 224 AD3d 533, 534 [1st Dept 2024]).

Plaintiff, in opposition, does not address whether the second and third exceptions articulated in *Kleeman* apply. Instead, it focuses on the first exception to the general rule. Preliminarily, the SAC does not allege that FastApp negligently hired or selected the Appraisers.

**653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No.  004 005**

**Page 11 of 14**

11 of 14

[*11]

The SAC asserts that Klein is a duly certified appraiser (NYSCEF Doc No. 54, ¶ 33), and there is no allegation in the SAC that FastApp "either knew, or in the exercise of reasonable care might have ascertained, that the contractor was not properly qualified to undertake the work" (*Maristany v Patient Support Servs., Inc.*, 264 AD2d 302, 303 [1st Dept 1999]).

As to the first exception, control over the means and methods of the contractor's work is critical, since "'incidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship'" (*Anikushina v Moodie*, 58 AD3d 501, 504 [1st Dept 2009], *lv dismissed* 12 NY3d 905 [2009] [citation omitted]; *Leeds v D.B.D. Servs.*, 309 AD2d 666, 667 [1st Dept 2003] [general supervisory authority insufficient to impose vicarious liability]).

In this instance, FastApp relies on a master vendor agreement (the MVA) signed by Klein on October 24, 2018, which reads, in part:

> "**15. Independent Contractor**. Appraiser will act solely as an independent contractor in the performance of its services under this Agreement, and nothing contained or implied herein shall at any time be construed to create a relationship of employer and employee, partnership, principal and agent, or joint venture partner between Appraiser, FastApp AMC or any client of FastApp AMC" (NYSCEF Doc No. 92, Salvo affirmation, exhibit B at 3-4).

The MVA constitutes documentary evidence for purposes of CPLR 3211 (a) (1) (*see 150 Broadway N.Y. Assocs., L.P. v Bodner*, 14 AD3d 1, 5 [1st Dept 2004]). Although the MVA expressly labels Klein an independent contractor, merely labeling a party "an 'independent contractor' is not dispositive of the issue of control, but is a factor to be weighed with others" (*Carlson v American Intl. Group, Inc.*, 30 NY3d 288, 301 [2017]). Thus, the MVA does not conclusively establish a defense to plaintiff's claims as a matter of law.

FastApp also contends that 15 USC § 1639e (b) and Executive Law § 160-mmmm bar it from exercising any control over the Appraisers. Both statutes concern appraisal independence

**653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No. 004 005**

**Page 12 of 14**

[*12]

12 of 14

and prohibit entities, like AMCs, from engaging in specific acts as detailed in the statutes (*see* 15 USC § 1639e [b]; Executive Law § 160-mmmm [1-11]). The statutes also set forth certain exceptions that allow entities, like AMCs, to ask an appraiser to consider additional information, provide further detail of the appraiser's conclusion, and to correct errors in the appraiser's report (15 USC § 1639e [c]; Executive Law § 160-mmmm). In viewing the allegations in their most favorable light and in according plaintiff every possible favorable inference, it cannot be determined from the pleadings alone whether FastApp's actions with respect to the subject Appraisal extended beyond mere incidental control. To be sure, the SAC does not allege that FastApp improperly influenced the Appraisal in violation of the above statutes. Rather, the SAC alleges that FastApp has a "role in overseeing the appraisal process and reviewing the appraisal" (NYSCEF Doc No. 54, ¶ 26) and that FastApp "defectively oversaw Appraisers' performance of the Appraisal" (*id.*, ¶ 94). The SAC further alleges that FastApp "locate[s], vet[s] and retain[s] appraisers … and review[s] each appraisal/valuation to ensure it meets USPAP and Appraisal Standards" (*id.*, ¶ 16). These allegations are sufficient to plead that FastApp may have exercised some element of control over the means and methods of the Appraisers' work (*see D.S. v Positive Behavior Support Consulting & Psychological Resources, P.C.*, 197 AD3d 518, 520-521 [2d Dept 2021]; *cf. McHale v Metropolitan Life Ins. Co.*, 165 AD3d 914, 917 [2d Dept 2018]).

The SAC also pleads a breach of the "Appraisal Contract" as an alternative cause of action (NYSCEF Doc No. 54, ¶¶ 99-105). A cause of action for breach of contract requires a valid contract, the plaintiff's performance, the defendant's breach and damages (*Noto v Planck, LLC*, 228 AD3d 516, 516 [1st Dept 2024]). Here, FastApp failed to raise specific arguments in its initial papers on this claim other than to assert that it cannot be held vicariously liable for the Appraisers' actions. Instead, FastApp, in reply, maintains that plaintiff conceded in its opposition that it never

**653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL**
**Motion No.  004 005**

Page 13 of 14

[*13]

13 of 14

had a master service agreement with FastApp and that plaintiff ignored language on FastApp's website describing it as a middleman. These arguments, though, do not address whether the SAC fails to state a cause of action under CPLR 3211 (a) (7). Sharestates's appraisal request form also includes the phrase "[e]ach and every appraisal must contain certifications and U.S.P.A.P language indicating compliance" (NYSCEF Doc No. 121, Giusto affirmation, exhibit 4 at 3). Whether this provision formed part of the Appraisal Contract and its meaning cannot be determined on a pre-answer motion to dismiss.

Accordingly, it is hereby

ORDERED that the motion brought by defendants Appraisal Source Inc. and Eliazer Klein to dismiss the second amended complaint (motion sequence no. 004) is denied; and it is further

ORDERED that the motion brought by defendant FastApp, Inc. to dismiss the second amended complaint (motion sequence no. 005) is denied; and it is further

ORDERED that defendants Appraisal Source Inc., Eliazer Klein and FastApp, Inc. shall each serve and file an answer to the second amended complaint within 30 days after service of this order with written notice of entry.

This constitutes the decision and order of the court,

| 12/20/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **SUZANNE J. ADAMS, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

653529/2023  LOAN TRUST, LLC vs. APPRAISAL SOURCE INC. ET AL
Motion No.  004 005

Page 14 of 14